UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN MATTHEW FORSMAN, | CASE NO. C16-5949 RJB |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM |
| v. | |
| DANIEL L. STAHNKE, individually and in his official capacity as Justice of the Superior Court of Clark County, Washington, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (Dkt. 1), and on review of the proposed complaint and Civil Cover Sheet (Dkt. 1-1 and 1-2). The Court has considered the relevant record and the remainder of the file herein.

On November 14, 2016, Plaintiff filed a civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 1

**Plaintiff's Application to Proceed IFP.**  Plaintiff states that he receives no income

except $194.00 in Basic Food Assistance.  Dkt. 1, at 3.  Plaintiff states that he has no money or

other assets, and no living expenses or dependants.  Dkt. 1, at 2.  He states he has "debts" with

"Multnomah County Courts," "Clark County Courts," student loans and "various medical bills,"

but does not include the amounts owed.  *Id*.

**Review of the Complaint.**  The Court has carefully reviewed the complaint in this

matter.  Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings

liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles

Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff alleges that on or around February 4, 2016, he submitted a petition in the Clark

County Superior Court "declaring and asserting [his] right to bear arms and request the court

grant [his] declaration of rights, and restore to [his] rights to bear arms in the protection of his

life, liberty, property and state."  Dkt. 1-1, at 3.  Plaintiff maintains that at the time, "[he] wasn't

under any investigations, charged with a crimes [sic] and had served [his] sentence for [his]

convictions, yet the prosecutor was withholding [his] rights."  *Id*.  During a hearing on his

petition, Plaintiff asserts that Clark County Superior Court Judge Stahnke, the Defendant here,

informed him that in order to grant his petition, he would need to declare RCW 9.41.040

unconstitutional and "that was a decision he was not willing to make."  Dkt. 1-1, at 4.  Plaintiff

alleges that Judge Stahnke notified him that if he did not like his ruling, he was free to appeal his

decision.  Dkt. 1-1, at 3.  Plaintiff claims that Judge Stahnke exercised "power or authority of the

court unconstitutionally and unlawfully; an insurgent against constitutional power."  Dkt. 1-1, at

4. Plaintiff asserts various federal and state constitutional claims against Judge Stahnke.  *Id*.

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 2

1      **Sua Sponte Dismissal.**  A federal court may dismiss a case *sua sponte* pursuant to Fed.

2   R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may

3   be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court

4   may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made

5   without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United*

6   *States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have

7   the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory

8   provision). A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v.*

9   *Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

10      "Anglo–American common law has long recognized judicial immunity, a sweeping form

11   of immunity for acts performed by judges that relate to the judicial process." *In re Castillo,* 297

12   F.3d 940, 947 (9th Cir. 2002)(*internal quotations omitted*).  All of Judge Stahnke's acts

13   complained of here relate to the judicial process.  He has absolute judicial immunity from this

14   suit.  *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that

15   judges are entitled to absolute immunity for actions taken within their jurisdiction).  This case

16   has no arguable basis in law or fact.  The complaint should be dismissed as frivolous and for

17   failure to state a claim.

18      Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is

19   entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

20   of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

21      In this case, any attempt by Plaintiff to amend the complaint would be futile.  Plaintiff

22   should not be afforded leave to amend his complaint.

23

24

1     **Decision on Application to Proceed IFP**.  A district court may deny leave to proceed *in*

2 *forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

3 is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting

4 *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).  Based upon the above

5 analysis of the deficiencies in the complaint, the Court should deny Plaintiff's application to

6 proceed *in forma pauperis*.

7     **IFP on Appeal.**  In the event that Plaintiff appeals this order, and/or appeals dismissal of

8 this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the

9 Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

10     **Future filings**.  Other than a Notice of Appeal, any filings in this case in the future will

11 be docketed by the Clerk but not acted upon by the court.

12     Accordingly, it is hereby **ORDERED** that:

13 • Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **DENIED;**

14 • This case is **DISMISSED WITH PREJUDICE**.

15 • In the event that Plaintiff  files an appeal in this case, IFP status is **DENIED** by this

16 Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals

17 an application to proceed *in forma pauperis.*

18 • Other than a Notice of Appeal, any filings in this case in the future will be docketed by

19 the Clerk but will not be acted upon by the Court.

20     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

21 to any party appearing *pro se* at said party's last known address.

22

23

24 ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 4

1    Dated this 17th day of November, 2016.

2

3    _____

4    ROBERT J. BRYAN
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE
AS FRIVOLOUS AND FOR FAILURE TO STATE
A CLAIM- 5